1  **WO**

6                    IN THE UNITED STATES DISTRICT COURT
7                            FOR THE DISTRICT OF ARIZONA

10  Leica Microsystems, Inc.,              )    No.    CV 07-0774-PHX-PGR
                                           )
11              Plaintiff,                 )
                                           )
12       vs.                               )    **ORDER**
                                           )
13                                         )
                                           )
14  Kerry Potter, et al.,                  )
                                           )
15              Defendants.                )
    _____)

On April 12, 2007, the Plaintiff filed a Complaint alleging jurisdiction based solely on diversity of citizenship pursuant to 28 U.S.C.A. § 1332 (West 2006).[1]  Having reviewed the Complaint, the Court finds that the jurisdictional allegations are inadequate to establish the existence of subject matter jurisdiction inasmuch as the Complaint fails to properly allege the citizenship of the parties.

The jurisdictional allegation regarding Defendant Southwest Surgical, LLC is inadequate since it merely states that the Defendant "is a Arizona limited liability company with its principal place of business in Scottsdale, Arizona." The Complaint also inadequately

---

[1] In order for this Court to exercise jurisdiction based on diversity under 28 U.S.C. § 1332, complete diversity of citizenship must exist.  The Supreme Court has repeatedly held that diversity jurisdiction does not exist unless **each** Defendant is a citizen of a different state from **each** Plaintiff. Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).

alleges the citizenship of Defendant Southwest MicroSurgical, LLC by merely stating that it is "an Arizona limited liability company with its principal place of business located in Scottsdale, Arizona." These jurisdictional allegations are insufficient as a matter of law because a limited liability company is not treated as a corporation for purposes of determining whether diversity exists under § 1332. Johnson v. Columbia Properties Anchorage, L.P., 437 F.3d 894, 899 (9th Cir. 2006) (Nothwithstanding L.L.C.'s corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an L.L.C. is a citizen of every state of which its owners/members are citizens.") Thus, what is required in the present Complaint is an affirmative allegation of the **citizenship of each member** of the Defendant limited liability companies.[2]

The jurisdictional allegations regarding Defendants Cheryl Potter, Kerry Potter and Anne Nichols are inadequate as well since the Complaint only states the residency of each Defendant. As the Supreme Court has repeatedly made clear,

> [i]t has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship of that state for purposes of jurisdiction.

Steigleder v. McQuesten, 198 U.S. 141, 143 (1905); accord, Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiff's complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity statute, 28 U.S.C. § 1332, speaks of citizenship, not residency. ... [The] failure to specify Plaintiff's state of citizenship was fatal to [the] assertion of diversity jurisdiction.") Therefore,

---

[2] The Complaint must expressly identify each member of any limited partnerships, and/or limited liability companies, along with each member's citizenship. Such jurisdictional allegations are necessary for this Court to conclude whether diversity jurisdiction is satisfied.

- 2 -

1  IT IS ORDERED that the Plaintiff's Complaint (Doc. 1) is dismissed for lack of
2  subject matter jurisdiction, and the Plaintiff shall file an amended Complaint properly stating
3  a jurisdictional basis for this action no later than **Monday, April 30, 2007.**[3]  The Plaintiff's
4  failure to timely comply with this order shall result in the dismissal of this action without
5  further notice.

6  IT IS FURTHER ORDERED that **the Plaintiffs shall forthwith give notice of this**
7  **order to any Defendant already served with process.**

8  DATED this 20th day of April, 2007.

Paul G. Rosenblatt
United States District Judge

---

[3] The Plaintiff is advised that its failure to timely comply with this Order shall result in the dismissal of this action without further notice.

- 3 -