**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Leica Microsystems, Inc., | ) | No.   CV 07-0774-PHX-PGR |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Kerry Potter, et al., | ) | |
| Defendants. | ) | |

The Court will enter a Protective Order or approve a Confidentiality Agreement when presented upon motion by the parties. However, the parties are advised that it is the Court's policy, given the strong presumption in favor of public access to court records in civil cases and the Court's limited storage space for sealed documents, not to allow parties to file entire documents under seal simply because some portion of the document may contain confidential information.

In order to ensure that the parties use the least restrictive means possible to protect confidential information contained in documents filed with the Court, the Court will require the parties to adhere to the following guidelines: (1) Any documents filed with the Court, including memoranda of points and authorities, deposition transcripts, and exhibits, that reference confidential information shall have deleted, from the original filed document only, just those specific sentences or paragraphs containing the confidential information and those

sentences or paragraphs shall be filed separately in a sealed envelope that is endorsed with the caption of the case, the caption of the document, and an appropriate designation regarding the confidential nature of the contents; a blank space shall be inserted at the site of the deletion in the original document which shall contain the notation that confidential information has been deleted and filed separately under seal; and (2) the Judge's copy of the filed documents shall not contain any deletions, but the paragraphs deleted from the original document shall be double underlined on the Judge's copy and a notation placed on those pages stating that confidential information is contained therein.

The Court will also require that the proposed Protective Order contain a provision providing that no motion seeking a resolution of any dispute concerning any production or designation of confidential information or an amendment of the protective order shall be filed with the Court unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter.

Furthermore, the parties are advised that the proposed protective order must be in conformance with the Local Rules and repeat all of the stipulated provisions of the order. See Local Rules 7.1(b)(2) and (3). These rules require a party requesting specific relief to lodge with the clerk a separate proposed order and such proposed order must not be included as an integral part of the stipulations. Accordingly, the parties are required to file a stipulation and a separate proposed protective order.

DATED this 9th day of May, 2007.

Paul G. Rosenblatt
United States District Judge

- 2 -