**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Leica Microsystems, Inc., ) | No. | CV 07-0774-PHX-PGR |
| Plaintiff, ) | | |
| vs. ) | **ORDER** | |
| ) | | |
| Kerry Potter, et al., ) | | |
| Defendants. ) | | |
| _____) | | |

This matter having come before the Court on the Motion for Preliminary Injunction filed by Plaintiff Leica Microsystems, Inc., ("Leica") against Defendants Kerry Potter, Cheryl Potter, Southwest Surgical, LLC, Southwest Microsurgical, LLC, and Anne Nichols (collectively, "Defendants"), and the Court, having personal jurisdiction over the parties, and having considered the stipulated and agreed-upon form of Consent Order lodged by the parties, good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  Defendants Kerry Potter, Cheryl Potter, Southwest MicroSurgical, LLC, Southwest Surgical, LLC (collectively, "Consenting Defendants") and Plaintiff Leica agree to comply with Section 4.1 of the July 2000 Manufacturers Representative Agreement (the "Agreement"), and Consenting Defendants agree not to compete directly or indirectly with Leica or assist others, including Laura Milburn, Anne Nichols, Ridgeline Surgical

Equipment, Inc. ("Ridgeline"), including Ridgeline's representatives and agents known to the Consenting Defendants, or any other agents of Southwest MicroSurgical, LLC, or Southwest Surgical LLC, in the marketing or sale of products which are competitive with Leica products in the Territory as defined in paragraph 2(a) below from the date of this Consent Order until September 30, 2007 (the "Consent Period"). (A copy of the Agreement is attached as Exhibit A). Defendants Kerry Potter and Southwest Surgical, LLC and Plaintiff Leica agree to comply with any continuing obligations under the Agreement.

2.  Consenting Defendants, their officers, agents, servants, employees, and attorneys (excluding Carl Zeiss Surgical, Inc) ("Zeiss"), who receive actual notice hereof by personal service or otherwise are herewith enjoined and restrained during the Consent Period from:

   a. Competing against Leica in the sale, promotion, or marketing of all new, demonstration, used, and re-conditioned surgical microscopes and related accessories, or assisting, inspiring, or promoting others in such competition in the Territory which is comprised of Colorado, Utah, Wyoming, Arizona, New Mexico, and the areas of Texas and Nevada with ZIP codes beginning with 798-831 and 840-891; AND

   b. Assisting, inspiring, or promoting others in any activities competitive to Leica's surgical microscope and related accessory business within Colorado, Utah, Wyoming, Arizona, New Mexico, and the areas of Texas and Nevada with ZIP codes beginning with 798-831 and 840-891. Such assistance, inspiration and promotion includes, without limitation, providing a Leica competitor or its agents with any information that may facilitate the sale of products which are competitive to any Leica products in the Territory during the Consent Period, i.e. customer preferences, customer profiles, product comparisons, pricing and discount strategies, etc.

3.  Defendants admit no liability to Leica by virtue of this Consent Order.

4.  Consenting Defendants represent that as of the date on which this Order is entered they have not assisted, promoted or inspired Ridgeline in connection with the marketing, sale or installation of products which are competitive with Leica products in the Territory.

However, Consenting Defendants further represent that as of the date on which this Order is entered Consenting Defendants Southwest Microsurgical, LLC and Cheryl Potter had no more than two previous contacts with Ridgeline via telephone concerning product sales in the State of Utah and other limited contacts about a potential future relationship. No Consenting Defendant shall, during the Consent Period, assist, promote or inspire Ridgeline in any competition within the Territory in the marketing, sale or installation of any product which is competitive to any Leica product as defined in ¶ 2(a) of this Consent Order. Consenting Defendants also represent that to the extent Ridgeline consummates any sales of products which are competitive with Leica products in the Territory during the Consent Period, Consenting Defendants will not at any time receive any commissions or other forms of payment (in excess of the Interim Period Payments Southwest MicroSurgical receives from Zeiss during the Consent Period) as a result of those sales.

5.      The following shall not be deemed competing, directly or indirectly with Leica, or assisting, inspiring or promoting others in such competition, and shall not be a breach by any Consenting Defendants of any term of this Consent Order:

(1)     the Consenting Defendants' attendance at a Leica competitor's sales meeting;

(2)     the Consenting Defendants' receipt of a Leica competitor's product information; and

(3)     a Leica competitor's training of the Consenting Defendants on products which are competitive with Leica products provided that Consenting Defendants do not have any contact with customers in the Territory in connection with such activities.

6.      Leica is ordered to timely pay Kerry V. Potter and/or Southwest Surgical, LLC, the balance of any commissions which may be due from Leica under the Agreement.

7.      Upon the entry of this Consent Order, Leica shall dismiss Anne Nichols from this lawsuit without prejudice.

8.      Leica agrees that it will not make and it will take reasonable steps to prevent and will not knowingly permit any of its employees or agents to make any oral or written statements or omissions which are or could reasonably be interpreted to be of a disparaging nature

- 3 -

concerning the Consenting Defendants, including, but not limited to, negative or critical statements or omissions regarding the Consenting Defendants' business practices or the underlying litigation except for privileged conversations with its legal advisor, or as required by law. Further, in the event Leica determines that one of its employees or agents has made such a disparaging statement, it will take appropriate corrective action.

9. The Consenting Defendants agree not to make any oral or written statements or omissions which are or could reasonably be interpreted to be of a disparaging nature concerning Leica, including, but not limited to, negative or critical statements or omissions regarding Leica's business practices or the underlying litigation except for privileged conversations with their legal advisor(s), or as required by law. The Consenting Defendants agree that they will take reasonable steps to prevent and will not knowingly permit any of their employees or agents to make any oral or written statements or omissions which are or could reasonably be interpreted to be of a disparaging nature concerning Leica, including, but not limited to, negative or critical statements or omissions regarding Leica's business practices or the underlying litigation except for privileged conversations with their legal advisor(s), or as required by law. Further, in the event the Consenting Defendants determine that one of their employees or agents has made such a disparaging statement, they will take appropriate corrective action. Nothing in paragraphs 8 or 9 will be deemed to prohibit any person or entity from making otherwise lawful statements about the products, services and/or pricing of a competitor.

10. Pursuant to the stipulation and agreement by each of the Defendants and Leica, this matter is ordered stayed until the expiration of the Consent Period. The stay will have the effect of suspending all pending discovery, obviating the need for Leica and the Consenting Defendants to comply with this Court's Scheduling Order or the federal and local rules governing discovery and motion practice.

11. All rights contained in this Consent Judgment, including, but not limited to, the right to enforce it, shall be freely assignable to the fullest extent permitted by law.

12. Each Party is to bear its own attorneys' fees and costs incurred in connection herewith.

13. This Court retains jurisdiction over this matter and the parties during the Consent Period for purposes of enforcing this Order.

14. If there have been no violations of this Consent Order or any continuing obligations under the Agreement at the conclusion of the Consent Period, Leica and the Consenting Defendants shall direct their attorneys to stipulate to dismiss this litigation with prejudice, each party to bear his/its own attorneys' fees and costs, and cause the Court to enter its order on such stipulation immediately after the Consent Period concludes or as soon thereafter as reasonably practical.

15. Upon the entry of this Consent Order, Leica, Kerry V. Potter and Southwest Surgical, LLC shall in writing notify the American Arbitration Association ("AAA"), Chicago, Illinois (the "AAA Proceedings") to dismiss the AAA Proceedings without prejudice, each party to bear his/its own costs and attorneys' fees.

IT IS FURTHER ORDERED that this matter is stayed until expiration of the Consent Period, September 30, 2007 or until any Motion to Show Cause by any party is filed with this Court. If the Court has not been notified as to any violation of the aforementioned provisions on or before September 30, 2007, then this case will be automatically dismissed with prejudice.

DATED this 24th day of May, 2007.

_____
Paul G. Rosenblatt
United States District Judge

- 5 -